UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENZIL E. MCKATHAN,

*Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

*Defendant*.

Civil Action No. 22-1865 (DLF)

### ADMINISTRATIVE OFFICE OF U.S. COURTS' MOTION TO DISMISS

Defendant, the Administrative Office of United States Courts, by and through undersigned counsel, respectfully requests this Court to dismiss Plaintiff's claims against it under the Freedom of Information Act ("FOIA") because Plaintiff is unable to establish this Court's jurisdiction over this case and has failed to advance a claim upon which relief can be granted. Therefore, Defendants' Motion to Dismiss should be granted and Plaintiffs' claims dismissed, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

In support of this motion the Court is referred to the Memorandum of Points and Authorities. A proposed order is attached.

1

Dated: Washington, DC
October 21, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN P. HUDAK
Chief, Civil Division

By:     _/s/  T. Anthony Quinn_
        T. ANTHONY QUINN
        D.C. Bar No. 415213
        Assistant United States Attorney
        Civil Division
        601 D Street, NW
        Washington, D.C. 20530
        Phone: (202) 252-7558
        Email: tony.quinn2@usdoj.gov

        _Counsel for Defendant_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October 2022, I caused the foregoing DEFENDANT'S PARTIAL MOTION TO DISMISS THE ADMINISTRATIVE OFFICE OF U.S. COURTS, and the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS to be served on Plaintiff _via_ First Class Mail, postage pre-paid, at the following address:

DENZIL E. MCKATHAN
FED. REG. NO. 09015-003
FCI YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
YAZOO CITY, MS  39194

_/s/ T. Anthony Quinn_
T. ANTHONY QUINN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENZIL E. MCKATHAN,<br><br>     *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, et al.,<br><br>     *Defendant*. | Civil Action No. 22-1865 (DLF) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ADMINISTRATIVE OFFICE OF U.S. COURTS' MOTION TO DISMISS

By and through its undersigned counsel, Defendant the Administrative Office of United States Courts ("Administrative Office") respectfully submits this memorandum of points and authorities in support of its motion to dismiss. The Court should dismiss Plaintiff's claims against the Administrative Office under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, because it is not an Executive Branch agency subject to FOIA. Accordingly, Plaintiff is unable to establish this Court's jurisdiction over this case and has failed to advance a claim upon which relief can be granted.

## LEGAL STANDARDS

### I.   DISMISSAL PURSUANT TO RULE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION

Federal courts are of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 561 (1992). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court may "consider material outside of the pleadings when determining whether it has jurisdiction." *Van Allen v. Dep't of Veterans Affs.*, 925 F. Supp. 2d 119, 123-24 (D.D.C. 2013). For the reasons set forth below, this Court lacks jurisdiction to entertain Plaintiff's FOIA complaint as there is no applicable waiver of sovereign immunity and FOIA does not apply to the Administrative Office because it is an arm of the judicial branch, which is not subject to FOIA.

## II.    DISMISSAL PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint cannot survive a 12(b)(6) motion when it does not plead sufficient factual detail "to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Sissel v. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56. When assessing a plaintiff's claims, the court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, (2007); *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 163–64 (D.C.Cir.2015).

In deciding a motion to dismiss directed to the face of the complaint, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The Court need not, however, accept as true the plaintiff's legal conclusions "couched as

factual allegations" or "conclusory allegations" that are unsupported by the facts pleaded in the complaint. *Abdelfattah v. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015); *Swanson Group Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015). Consistent with these principles, the court employs a "two-pronged approach" to first identify the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

FOIA is a statutory grant of access to governmental records, the extent of the grant depends upon the terms of the act. FOIA explicitly defines the agencies subject to its provisions. FOIA declares that "agency . . . does not include the courts of the United States." 5 U.S.C. § 551(1)(b); s*ee also Isiwele v. H.H.S.,* 85 F. Supp. 3d 337, 353 (D.D.C. 2015) (Berman Jackson, J.). FOIA does not apply to the Administrative Office because it is an arm of the judicial branch, which is not subject to FOIA. *See Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 231 (D.D.C. 2008) (Sullivan, J.) ("The term 'agency' as defined for purposes of FOIA . . . expressly excludes the courts of the United States . . . The phrase 'courts of the United States' is interpreted such that this exemption applies to the entire judicial branch of government."); *DeMartino v. F.B.I.*, 511 F. Supp. 2d 146, 148 (D.D.C. 2007) (Leon, J.) ("As a court unit, the Probation Office is not subject to the requirements of the FOIA[.]"); *Adams v. Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 918 (N.D. Cal. 2016) ("FOIA specifically *exempts* the judicial branch") (emphasis in original). Thus, FOIA does not apply to the Administrative Office, and the Court should dismiss Plaintiffs' claims against it either for a lack of jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) or for failure to state a claim under Rule 12(b)(6).

## **CONCLUSION**

For the reasons set forth above, Defendant, the Administrative Office, respectfully respects that this Court dismiss the claim against it.

Dated: October 21, 2022                    Respectfully submitted,

                                           MATTHEW M. GRAVES
                                           United States Attorney
                                           D.C. Bar No. 481052

                                           BRIAN HUDAK
                                           Chief, Civil Division

                          By:     /s/ *T. Anthony Quinn*
                                           T. ANTHONY QUINN
                                           D.C. Bar No. 415213
                                           Assistant United States Attorney
                                           Civil Division
                                           601 D Street, NW
                                           Washington, D.C. 20530
                                           (202) 252-7558
                                           tony.quinn2@usdoj.gov

                                           *Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENZIL E. MCKATHAN,

         *Plaintiff*,

   v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

         *Defendant*.

Civil Action No. 22-1865 (DLF)

**[PROPOSED] ORDER**

UPON CONSIDERATION of the Administrative Office of United States Courts' motion to dismiss, the entire record herein, and for good cause shown, it is hereby

ORDERED that the Administrative Office's motion is GRANTED; and it is further

ORDERED that the claims in Plaintiff's complaint against the Administrative Office of United States Courts are DISMISSED.

SO ORDERED:

_____
Date

_____
DABNEY L. FRIEDRICH
United States District Judge