UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENZIL E. MCKATHAN,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, *et al.,*<br><br>*Defendants*. | Civil Action No. 22-1865 (DLF) |

### REPLY IN SUPPORT OF DEFENDANT STATE DEPARTMENT'S MOTION TO DISMISS

Defendant, the United States Department of State ("State Department" or "State"), respectfully submits this Reply in Support of Defendant State Department's Motion to Dismiss.

### SUMMARY

Because the State Department does not have a central records system containing all its records dated January 1, 2012, to October 1, 2014, *see* Declaration of Susan C. Weetman, ECF No. 15-2 ("Weetman Decl.") ¶ 13, Plaintiff's Freedom of Information Act ("FOIA") request for records with a date range of January 1, 2012, to October 1, 2014, mentioning "Denzil McKathan (or McCathan)," the address "14570 Cat Deakle," or the phone number "251-259-6324," would require the State Department to search every bureau, office, and overseas post for potentially responsive records. *Id.* ¶ 13. In sum, the problem with Plaintiff's FOIA request is its breadth. The State Department would need to run the search terms through each component's files. Thus, for the reasons stated in Defendant's Motion and herein, the Court should dismiss Plaintiff's action as to the State Department because the request is so broad as to impose an unreasonable burden upon the agency.

## ARGUMENT

"[T]he question of whether a particular FOIA request 'reasonably describes' the records sought is a highly context-specific inquiry, ill-suited to abstract analysis." *See Nat'l Sec. Counselors v. CIA*, 898 F.Supp.2d 233, 278 (D.D.C. 2012). The central question in assessing whether records are reasonably described is whether "the agency is able to determine precisely what records are being requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (citation, internal quotations, and alteration omitted); *see also Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Yeager*). That evaluation boils down to whether a "description of a requested document would be sufficient [to] enable[ ] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n. 36 (D.C. Cir. 1990) (internal citation and quotation marks omitted).

Here, Plaintiff's FOIA request for all records mentioning the name, address, or phone number is overly broad because the request does not allow the State Department's FOIA analysts to reasonably determine where responsive records are likely to be located, not because the request contained the phrase "mentioning." The State Department refused to process this request because it would require the State Department to search every bureau, office, and overseas post for potentially responsive records. Weetman Decl. ¶ 13. Significantly, the D.C. Circuit has explained that "a request that requires 'an unreasonably burdensome search'" does not reasonably describe the records sought, and therefore the "agency need not honor" it. *Am. Fed'n of Gov't Emps. ("AFGE") v. Dep't of Comm.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (quoting *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978)); s*ee also Schrecker v. Dep't of Just.*, 349 F.3d 657, 664 (D.C. Cir. 2003) ("[T]here are limits to the lengths to which an agency must go in responding to a FOIA

request."). *See, e.g., Long v. ICE*, 149 F. Supp. 3d 39, 56 (D.D.C. 2015) (request unduly burdensome where response would require poring over "five terabytes" of data). Even where a request "identif[ies] the documents requested with sufficient precision to enable the agency to identify them," the request may still fail to "reasonably describe[ ]" the records sought if it is "so broad as to impose an unreasonable burden upon the agency." *AFGE*, 907 F.2d at 209; *see also Nat'l Sec. Couns. v. CIA*, 960 F. Supp. 2d 101, 163 (D.D.C. 2013).[1]   Indeed, another judge in this District reaffirmed this FOIA defense just earlier this week. *See Jud. Watch, Inc. v. Dep't of Health & Human Servs.*, Civ. A. No. 22-3153 (JEB), 2023 WL 315588, at *3 (D.D.C. Jan. 19, 2023) ("The D.C. Circuit has explained that a request that requires an unreasonably burdensome search does not reasonably describe the records sought, and therefore the agency need not honor it.") (internal quotation marks omitted; quoting *AFGE*, 907 F.2d at 209).

The State Department does not have a central records system containing all its records dated January 1, 2012, to October 1, 2014. Weetman Decl. ¶ 13.  The  Department's records from these years are contained in hundreds of databases and records systems located across its many bureaus and offices. *Id*.  Each office within the Department, as well as each Foreign Service post and mission, maintains its files from these years (2012 to 2014). Weetman Decl. ¶ 12. These

---

[1]     Plaintiff's reliance on *Shapiro v. CIA*, 170 F. Supp. 3d 147, 154 (D.D.C. 2016), is misplaced.  In *Shapiro,* unlike here, the defendant agency "overtly declined to file such a declaration, simply asserting in its legal briefing that the documents Shapiro requests could not be 'locate[d] . . . with a reasonable amount of effort.'" *Id*. at 156.  Further, the *Shapiro* Court noted, "[t]he CIA need only search "all files likely to contain responsive materials," citing *Oglesby v. Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), not "virtually every file contained in [every] branch and division office[ ]," *Am. Fed'n of Gov't Emps*, 907 F.2d at 206.  Here, as argued,

Similarly, Plaintiff's distinguishing of *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), does not advance his cause because the State Department's issue is not with the word "mentioning," but rather with the fact that based on the breadth of Plaintiff's request, the Department does not know which offices, foreign posts, or departments, are likely to contain responsive materials.

files consist generally of working copies of documents, information copies of documents maintained in the Central Foreign Policy Records collection, and other documents prepared by or furnished to the office in connection with the performance of its official duties, as well as electronic copies of documents and e-mail messages. *Id*. The Department's various bureaus and offices create and maintain their records in varying ways. *Id*. For instance, some offices organize their records by subject matter whereas others sort their records by regions or country. *Id*.

Plaintiff's FOIA request does not provide enough information to allow the State Department to begin to locate any potentially responsive records with a reasonable amount of effort. Weetman Decl. ¶ 15. It is unclear where any search should begin. Plaintiff's FOIA request would require every bureau, office, and overseas post of the Department to search for records responsive to Plaintiff's request. Thus, a search for records responsive to Plaintiff's FOIA request would require the State Department to expend an unreasonable amount of effort. *Id.*

For this reason, the Department denied Plaintiff's FOIA request for failing to reasonably describe the records sought. Weetman Decl. ¶ 14. Plaintiff describes no connection between the subject of his request and the Department so that the Department could determine which offices' records to search or where to begin. Neither does Plaintiff provide any information to enable a narrowing or focusing for this monumental undertaking in any way. Significantly, Plaintiff provides the agency with no reason to believe that the State Department possesses records containing his name, the provided address, or the provided phone number.[2] Plaintiff does not provide the information that the State Department needs to know where to begin to search for the requested keywords. Absent this information, State Department employees would need to expend

---

[2] Given the nature of Plaintiff's underlying criminal proceedings, there is no apparent link to any action taken by the State Department regarding the revocation of Plaintiff's supervised release or his subsequent criminal conviction.

an unreasonable amount of effort to search each State Department office for responsive records. *Id*. "[I]t is the requester's responsibility to frame requests with sufficient particularity[.]" *Jud. Watch*, *Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) ((quoting *Assassination Archives & Rsch. Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989)). "There is no requirement that an agency search every record system." *Oglesby v. Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The requirement of reasonable description relates not only to subject matter, but as implied in *Mason v. Callaway*, 554 F.2d 129 (4th Cir. 1977), also relates to place of search.

Because Plaintiff did not present a legally adequate FOIA request to the State Department the Court should dismiss Plaintiff's complaint to the extent that it is based on the FOIA request submitted to the State Department.

## CONCLUSION

For the foregoing reasons, Defendant respectfully request that the Court grant the State Department's Motion to Dismiss.

Dated: January 20, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BRIAN P. HUDAK
Chief, Civil Division

By:    */s/ T. Anthony Quinn*
T. ANTHONY QUINN
D.C. Bar No. 415213
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Phone: (202) 252-7558
Email: tony.quinn2@usdoj.gov

*Counsel the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January 2023, I caused the foregoing REPLY IN SUPPORT OF DEFENDANT STATE DEPARTMENT'S MOTION TO DISMISS to be served on Plaintiff *via* First Class Mail, postage pre-paid, at the following address:

> DENZIL E. MCKATHAN
> FED. REG. NO. 09015-003
> FCI YAZOO CITY LOW
> FEDERAL CORRECTIONAL INSTITUTION
> P.O. BOX 5000
> YAZOO CITY, MS 39194

> */s/ T. Anthony Quinn*
> T. ANTHONY QUINN
> Assistant United States Attorney