UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENZIL E. MCKATHAN,

          Plaintiff,

    v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

          Defendants.

Civil Action No. 22-1865 (DLF)

## OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL FINAL JUDGMENT

Defendants, the United States Department of Homeland Security ("Homeland Security"), the United States Department of State ("State Department"), the Executive Office for United States Attorneys ("EOUSA"), the United States Department of Justice Criminal Division ("Criminal Division"), and the Administrative Office of United States Courts ("Administrative Office") (collectively "Defendants"), by and through undersigned counsel, respectfully oppose *pro se* Plaintiff's Motion for Partial Final Judgment under Federal Rules of Civil Procedure 54(b). *See* ECF No. 43 ("Pl. Mot.").

## BACKGROUND

Plaintiff initiated this action in June 2022, seeking information under the Freedom of Information Act ("FOIA"), and relief under the First Amendment and the common law right of access. ECF No. 39. ("Mem. Op.") at 3. Plaintiff's requests "generally sought information related to his conviction in [his criminal case]." *See Id*. Defendants moved for partial summary judgment and to dismiss Plaintiff's claims, noting that although EOUSA and the Criminal Division join the motion as to Plaintiff's common law right of access and First Amendment claims, those agencies do not presently seek dispositive relief as to Plaintiff's FOIA Count I because they will do so after

completing responses to Plaintiff's FOIA requests.  *See* ECF No. 31-3 ("Defs. Br.") at 10-11.  On March 29, 2024, the Court granted in part and denied in part Defendants' partial motion to dismiss and for summary judgment (Defs. Br.).  *See* ECF No. 38 ("Order").  The Court dismissed from this case the Administrative Office, Homeland Security, and the State Department.  *Id.*  After the Court's Order, only Plaintiff's claim under Count I of the Complaint against EOUSA and the Criminal Division remains.  *See id.*

Plaintiff next moved to vacate the Court's Memorandum Opinion and Order.  ECF No. 40. In denying Plaintiff's motion *sua sponte*, the Court clearly explained that "[u]nder Rule 54(b) of the Federal Rules of Civil Procedure, 'any order or other decision,' such as the Court's 38 Order, 'that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities,'" *see* April 17, 2024 Min. Order (quoting  Fed. R. Civ. P. 54(b)), but Plaintiff's motion "falls well short of the high bar for Rule 54(b) relief."  *See* April 17, 2024 Min. Order.

On May 1, 2024, Defendants reported in a Status Report that the Criminal Division issued a "no records" letter to Plaintiff in January 2024, and that EOUSA expects to complete productions by September 1, 2024.  ECF No. 41 at 2.  The Court subsequently ordered Defendants to provide an updated Status Report on September 1, 2024.  *See* May 2, 2024 Min. Order.

Plaintiff next sought leave of the Court to pursue an interlocutory appeal of the Court's Order because it was purportedly "contradicted by D.C. Circuit precedent set forth in[]" Plaintiff's motion to vacate (ECF No. 40).  *See* ECF No. 42 at 1.  The Court *sua sponte* denied Plaintiff's motion.  *See* May 11, 2024 Min. Order.

Plaintiff now asks this Court "to enter partial final judgment as to the dismissed defendants Department of Homeland Security, Administrative Office of U.S. Courts, and Department of State." *See* Pl. Mot. at 1. Plaintiff's current motion is nothing more than a disguised effort for leave to seek an interlocutory appeal, which the Court has previously rejected.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "when multiple parties are involved, the court my direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "Only 'exceptional cases' merit Rule 54(b)'s direct entry, and the district court has discretion in identifying such cases because of its 'familiarity with the case and with any justifiable reasons for delay.'" *Ben-Rafael v. Islamic Republic of Iran*, 718 F. Supp. 2d 25, 33 (D.D.C. 2010) (quoting *Bldg. Indus. Ass'n of Superior California v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998)). No one factor is dispositive, but where any of the factors pertaining to judicial administration point against certification, the court should not enter partial, final judgment unless it "find[s] a sufficiently important reason for nonetheless granting certification." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980). In exercising its "considerable discretion," the court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Bldg. Indus. Ass'n*, 161 F.3d at 743-44. Typically, "the presumption against piecemeal appeals will be sufficient to deny certification." *Advance Am., Cash Advance Ctrs., Inc. v. FDIC*, 251 F. Supp. 3d 78, 80 (D.D.C. 2017).

## ARGUMENT

The Court should deny Plaintiff's motion because Plaintiff provides no bases for the Court to conclude that there is "no just reason for delay." *Bldg. Indus. Ass'n*, 161 F.3d 740 at 743.

Indeed, the relief Plaintiff seeks under Rule 54(b) would undermine judicial economy by creating multiple and needless inefficiencies in the form of piecemeal litigation. Plaintiff proposes to certify to the D.C. Circuit the Court's judgment as to three of the five Defendants on all Counts. Pl. Mot. at 1. Critically, however, Plaintiff names more than three of the five Defendants in each Count of the Complaint, placing his request in stark contrast with "the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp.,* 446 U.S. at 8.

Plaintiff's Count I remains unresolved as to EOUSA and the Criminal Division. If the Court accepts Plaintiff's invitation to certify Count I as to three of the five Defendants, then the D.C. Circuit will have to hear two out-of-sync appeals on the same factual record and related FOIA issues. As such, "there is 'just reason to delay' appellate review because otherwise the Circuit may 'need to master the same record twice, and render two opinions instead of one.'" *Abdelhady v. George Washington Univ.*, Civ. A. No. 22-01334 (TNM), 2023 WL 2162061, at *2 (D.D.C. Feb. 22, 2023) (quoting *Franklin v. District of Columbia*, 163 F.3d 625, 629 (D.C. Cir. 1998)).

It is of no moment that the records and responses at issue in the live claims do not involve identical withholdings or responses as those in the resolved claims. Courts in this District have observed that relief under Rule 54(b) is not appropriate when the D.C. Circuit must review similar claims in a piecemeal fashion because those claims involve similar issues. *See Stewart v. Gates*, 277 F.R.D. 33, 37 (D.D.C. 2011) ("The avoidance of such piecemeal appeals arising from the same case and implicating the same nucleus of facts is the reason that Rule 54(b) motions are to be granted only sparingly.); *see also Shapiro v. Cent. Intel. Agency*, Civ. A. No. 14-19 (CRC), 2019 WL 13160060, at *2 (D.D.C. Feb. 27, 2019) ("Even if there might be distinctions between the withheld FBI documents and the documents ultimately withheld by the other defendants, it seems quite plausible that the Court's analysis will in many cases parallel its analysis with respect to the

FBI."). Here, the facts and issues of law in this FOIA case are all generally related. In particular, the Criminal Division issued a no records response under very similar circumstances to the no records response issued by the State Department. The Court's resolution of the remaining issues involving the Criminal Division are likely to mirror the Court's resolution of Plaintiff's Count I claims against the State Department. Thus, in the context of Count I, judicial economy favors denying Plaintiff's motion.

Similarly, Plaintiff seeks to appeal his Count II common law right of access claim and Count III First Amendment claim only as to three of the five Defendants. Although Plaintiff claims "[t]he D.C. Circuit will not need to 'decide the same issue [] more than once[,]'" that is plainly not so. *See* Pl. Mot. at 3. Under Plaintiff's proposed course, the D.C. Circuit would twice have to review the same set of facts and issues of law—in the appeal Plaintiff requests now and a later appeal that would inevitably take place when all of claims against EOUSA and the Criminal Division reach finality. As explained above, that inefficiency alone is sufficient to deny certification under Rule 54(b). *Bldg. Indus. Ass'n*, 161 F.3d 740 at 744.

Moreover, even if Plaintiff sought to certify Counts II and III as to all five Defendants, that alone still would not cure Plaintiff's deficient request under Rule 54(b) because it would be unfair for the Court to burden EOUSA and the Criminal Division with continued litigation in the District Court while simultaneously expecting those two agencies to defend the Court's ruling in the D.C. Circuit on those two counts. *See Shapiro*, 2019 WL 13160060, at *2 ("If DOJ continues to be burdened by the continued litigation of the case in the district court, it would be unfair to simultaneously compel it to defend the Court's summary judgment ruling in the court of appeals").

The Court can eliminate any potential inefficiencies caused by Plaintiff's motion by simply denying his request. Indeed, Defendants' May 1, 2024, Status Report explained that the Criminal

Division issued a no records letter to Plaintiff and that EOUSA expects to complete productions by the September 1, 2024 Status Report.  ECF No. 41 at 2.  Temporally, this matter is not far from finality regardless of whether Plaintiff accepts the remainder of Defendants' responses or if additional briefing will be necessary regarding Count I.   As such, judicial economy is best served by deciding in a single appeal all issues that Plaintiff may wish to press.  *See Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999) (suggesting that Rule 54(b) should not be used where "the appellate court will face overlapping issues and circumstances on two occasions").

Other than Plaintiff's misguided and conclusory assertion that "[t]he D.C. Circuit will not need to 'decide the same issue [] more than once[,]'" (Pl. Mot. at 3), Plaintiff offers only irrelevant discussion of his criminal conviction to urge the Court to grant his motion.  Pl. Mot. at 1-3.  But neither of these arguments is sufficient to overcome the presumption that an appeal should not be taken until the Court has decided all claims.  *Advance Am., Cash Advance Ctrs.*, 251 F. Supp. 3d at 80.  Accordingly, denying Plaintiff's motion best advances judicial economy.

*    *    *

CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's Motion for Partial Final

Judgment (ECF No. 43).

Dated: July 3, 2024                     Respectfully submitted,
Washington, D.C.

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                                        By: /s/ *Alexander Schreiber*
                                            ALEXANDER SCHREIBER,
                                            D.C. Bar #1724820
                                            Special Assistant U.S. Attorney
                                            601 D Street, NW
                                            Washington, D.C. 20530
                                            (202) 252-6754
                                            Alexander.Schreiber@usdoj.gov

                                        *Attorneys for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that I caused a copy of the foregoing to be served upon

the *pro se* Plaintiff via First-Class mail, postage prepaid, this 3rd day of July 2024, to the following

addresses:

DENZIL E. MCKATHAN
R 09015-003
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels P.O. Box 5000
Yazoo City, MS 39194

                                        */s/ Alexander Schreiber*
                                        ALEXANDER SCHREIBER
                                        Special Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DENZIL E. MCKATHAN,

        Plaintiff,

    v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Defendants.

Civil Action No. 22-1865 (DLF)

**[PROPOSED]  ORDER**

UPON CONSIDERATION  of the Defendants' Opposition to Plaintiff's Motion for Partial Final Judgment, and the entire record herein, it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

    **SO ORDERED.**

Date: _____

                        _____
                        DABNEY L. FRIEDRICH
                        United States District Judge