UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENZIL E. MCKATHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Civil Action No. 22-1865 (DLF) |

**DEFENDANTS' REPLY
IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Table of Contents ..................................................................................................................... i

Table of Authorities ................................................................................................................ ii

Argument ................................................................................................................................. 1

    I.      Plaintiff Does Not Challenge the Criminal Division's Response to Plaintiff's FOIA Request. ............................................................................................... 1

    II.     Plaintiff's Collateral Attack on His Conviction, Affirmed by the Eleventh Circuit, Is Improper. ........................................................................................ 1

    III.    Plaintiff Failed to Exhaust Administrative Remedies With Respect to EOUSA .... 2

    IV.    EOUSA's Referral to ICE Was Proper .................................................................. 3

    V.     EOUSA's Search Was Reasonable ........................................................................ 5

    VI.    EOUSA's Withholdings Were Proper. .................................................................. 7

           A.     EOUSA Provides A Revised *Vaughn* Index. .............................................. 7

           B.     EOUSA Properly Withheld Court-Sealed Materials. ................................. 7

           C.     EOUSA Properly Withheld Grand Jury Materials. .................................... 8

           D.     EOUSA Properly Withheld Materials Pursuant to Exemption 5. ............... 8

           E.     EOUSA Properly Withheld Materials Pursuant to Exemptions 6 and 7(C) ............................................................................................................. 10

           F.     EOUSA Properly Withheld Materials Pursuant to Exemption 7(E). ......... 10

Conclusion ............................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguiar v. DEA*,
 865 F.3d 730 (D.C. Cir. 2017) ................................................................................................ 6

*Bader Family Found. v. Dep't of Ed.*,
 630 F. Supp. 3d 36 (D.D.C. 2022) ........................................................................................... 6

*Ball v. United States Marshals Service*,
 Civ. A. No. 19-1230 (JEB), 2021 WL 4860590 (D.D.C. Oct. 19, 2021) ........................... 5, 11

*Blackwell v. FBI*,
 646 F.3d 37 (D.C. Cir. 2011) ....................................................................................... 5, 10, 12

*Boyd v. Exec. Off. of U.S. Att'ys*,
 161 F. Supp. 3d 1 (D.D.C. 2015) ............................................................................................ 4

*Groenendal v. Exec. Off. for U.S. Att'ns.*,
 Civ. A. No. 20-1030 (DLF), 2024 WL 1299333 (D.D.C. Mar. 27, 2024) ........................... 4, 5

*House v. Dep't of Just.*,
 197 F. Supp. 3d 192 (D.D.C. 2016) .................................................................................. 9, 10

*In re Sealed Case*,
 121 F.3d 729 (D.C. Cir. 1997) ................................................................................................ 9

*Iturralde v. Comptroller of Currency*,
 315 F.3d 311 (D.C. Cir. 2003) ................................................................................................ 6

*Keys v. Dep't of Homeland Sec.*,
 570 F. Supp. 2d 59 (D.D.C. 2008) .......................................................................................... 3

*Khine v. Dep't of Homeland Sec.*,
 943 F.3d 959 (D.C. Cir. 2019) ................................................................................................ 3

*Kowal v. Dep't of Just.*,
 Civ. A. No. 18-0938 (TJK), 2021 WL 3363445 (D.D.C. Aug. 3, 2021) ................................. 7

*Kowalczyk v. Dep't of Just.*,
 73 F.3d 386 (D.C. Cir. 1996) .............................................................................................. 5, 6

*Lewis v. Dep't of Just.*,
 733 F. Supp. 2d 97 (D.D.C. 2010) ...................................................................................... 3, 4

*McGehee v. CIA*,
   697 F.2d 1095 (D.C. Cir. 1983) ................................................................................................ 3

*McKathan v. United States*,
   No. 22-14002, 2023 WL 6210908 (11th Cir. Sep. 25, 2023) ...................................................... 2

*McKathan v. Untied States*,
   969 F.3d 1213 (11th Cir. 2020) ................................................................................................. 2

*Melville v. Dep't of Just.*,
   Civ. A. No. 05-0645, 2006 WL 2927575 (D.D.C. Oct. 12, 2006) ............................................ 7

*Morgan v. Dep't of Just.*,
   923 F.2d 195 (D.C. Cir. 1991) ................................................................................................... 8

*Nat'l Whistleblower Ctr. v. HHS*,
   903 F. Supp. 2d 59 (D.D.C. 2012) ............................................................................................. 9

*Nova Oculus Partners, LLC, v. SEC*,
   486 F. Supp. 3d 280 (D.D.C. 2020) ..................................................................................... 9, 11

*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ................................................................................................. 4

*Schrecker v. Dep't of Just.*,
   349 F.3d 657 (D.C. Cir. 2003) ................................................................................................... 4

*Shapiro v. Dep't of Just.*,
   893 F. 3d 796 (D.C. Cir. 2018) ................................................................................................ 12

*Taylor Energy Co. LLC v. Dep't of Interior*,
   271 F. Supp. 3d 73 (D.D.C. 2017) ............................................................................................. 5

*Thompson v. Dep't of Justice*,
   146 F. Supp. 3d 72 (D.D.C. 2015) ............................................................................................. 9

*Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*,
   711 F.3d 180 (D.C. Cir. 2013) ............................................................................................. 2, 3

*Watkins L. & Advocacy, PLLC v. Dep't of Just.*,
   78 F.4th 436 (D.C. Cir. 2023) ................................................................................................... 1

*Willis v. Dep't of Just.*,
   581 F. Supp. 2d 57 (D.D.C. 2008) ............................................................................................. 2

*Winston & Strawn, LLP v. McLean*,
  843 F.3d 503 (D.C. Cir. 2016) ........................................................................................... 1

*Wright v. Dep't of Navy*,
  Civ. A. No. 19-3191 (ABJ), 2020 WL 5545543 (D.D.C. Sep. 16, 2020) ................................... 6

**Statutes**

5 U.S.C. § 552(a)(6)(A)(i) ........................................................................................................ 3

5 U.S.C. § 552(b)(7)(E) ......................................................................................................... 12

Defendants the Criminal Division of the Department of Justice (the "Criminal Division") and the Executive Office of the United States Attorneys ("EOUSA," collectively "Defendants") respectfully submit this combined opposition to pro se Plaintiff Denzil McKathan's ("Plaintiff") Cross-Motion for Summary Judgment ("Opp'n.," ECF No. 51) and reply in further support of Defendants' Motion for Summary Judgment ("Def.'s Mot.," ECF No. 49).

## ARGUMENT

### I. Plaintiff Does Not Challenge the Criminal Division's Response to Plaintiff's FOIA Request.

In their motion for summary judgment, Defendants argue that the Criminal Division's search was adequate. Def.'s Mot. (ECF No. 49) at 10-11. Plaintiff does not present contrary arguments or otherwise challenge the Criminal Division's search. *See generally* Opp'n (ECF No. 51). Although this Court cannot grant the summary judgment motion on the search issue solely on the basis that it was conceded, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("Under the Federal Rules of Civil Procedure, a motion for summary judgment cannot be "conceded" for want of opposition."), the Court's consideration of the record will show that the Criminal Division's search was adequate and the Court should enter judgment for Defendants with respect to the Criminal Division's response. *See Watkins L. & Advocacy, PLLC v. Dep't of Just.*, 78 F.4th 436, 444 (D.C. Cir. 2023) (internal quotation marks and citations omitted).

### II. Plaintiff's Collateral Attack on His Conviction, Affirmed by the Eleventh Circuit, Is Improper.

Plaintiff's lead argument is a collateral attack on his criminal conviction. Plaintiff's meandering and confusing Opposition appears to argue that Defendants are acting in bad faith in prosecuting him. Opp'n (ECF No. 51) at 2-12. He takes issue with the district court's various evidentiary rulings, the government's refusal to provide Plaintiff with immunity, alleged interference by the Administrative Office of the U.S. Courts, and alleged crimes committed during

his prosecution in Alabama. *Id*. at 2-12. The Court should "reject[] Plaintiff's invitation to expand the scope of this case [beyond FOIA] because this Court is not a court of general review." *Willis v. Dep't of Just.*, 581 F. Supp. 2d 57, 67 (D.D.C. 2008). The Court "possesses jurisdiction pursuant to the causes of action Plaintiff has asserted in this case (i.e., the FOIA[),] but does not have jurisdiction to launch into a free-wheeling inquiry into Plaintiff's criminal conviction." *Id.* Plaintiff moreover has already benefited from appellate review of his conviction. *See McKathan v. Untied States*, 969 F.3d 1213 (11th Cir. 2020); *McKathan v. United States*, No. 22-14002, 2023 WL 6210908, at *4 (11th Cir. Sep. 25, 2023). In any event, FOIA is not a vehicle for a collateral attack of a criminal conviction.

### III.     Plaintiff Failed to Exhaust Administrative Remedies With Respect to EOUSA.

In their motion for summary judgment, Defendants argue that Plaintiff failed to exhaust administrative remedies by failing to pay the requested advance or sufficiently narrow his FOIA request. Def.'s Mot. (ECF No. 49) at 7-9. Moreover, Plaintiff did not administratively appeal the assessment of fees or the denial of a fee waiver and instead rushed to this Court. *Id*. Plaintiff responds that he had no duty to exhaust and if he did, the administrative appeal was moot since the case is in litigation. Opp'n (ECF No. 51) 14-15. Plaintiff cites to the D.C. Circuit's decision in *Citizens for Responsibility and Ethics in Washington ("CREW") v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013), for the proposition that "[w]ithout any substantive action by EOUSA there was nothing to exhaust." Opp'n (ECF No. 51) at 20.

That case is inapposite. There, CREW agreed on a narrower scope of its FOIA request in exchange for the agency's agreement to provide rolling releases of non-exempt responsive records. *CREW*, 711 F.3d at 183. When two months passed and the agency failed to follow through on the agreement, CREW sued. *Id*. The D.C. Circuit held that CREW constructively exhausted the administrative remedies because the agency's commitment to respond to CREW's FOIA request

- 2 -

some time in the future was not a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).  *Id*. at 190.

Here, in contrast, EOUSA conducted a search and then requested that Plaintiff either pay a $456.00 advance to process Plaintiff's request or reformulate his FOIA request."  Def.'s Stmt ¶¶ 32-33.  Thereafter, on July 14, 2022, EOUSA issued a final determination, stating that because of Plaintiff's failure to pay the requested fee or narrow his request, EOUSA considered the requires "withdrawn and closed."  Mot. Ex. 3, EOUSA Final Response (ECF No. 49-3) at 40.  EOUSA's final response informed Plaintiff of his right to administratively appeal to the Department's Office of Information Policy the determination.  *Id*.  "[I]f the 'agency responds to the request after the twenty-day statutory window, but before the requester files suit,' as occurred here, then 'the administrative exhaustion requirement still applies.'"  *Khine v. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019).  Rather than administratively appeal, Plaintiff sued.  *See generally* Compl. (ECF No. 1).  As a result, Plaintiff failed to exhaust administrative remedies and the Court should enter judgment for the Defendants.

## IV.    EOUSA's Referral to ICE Was Proper

Plaintiff challenges the referral of ten pages to Immigration and Customs Enforcement ("ICE") for direct response to him.  Opp'n (ECF No. 51) at 15.  An "agency may adopt procedures by which documents in the agency's possession, but which did not originate with the agency, may be referred to the originating agency for processing."  *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 67-68 (D.D.C. 2008) (citing *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)).  "[S]uch referral is contemplated under the FOIA."  *Lewis v. Dep't of Just.*, 733 F. Supp. 2d 97, 102 n.3 (D.D.C. 2010) (citing 5 U.S.C. § 552(a)(6)(B)(iii)(III)).  Here, EOUSA referred to ICE ten pages for direct response to Plaintiff.  On March 12, 2025, ICE released in part to Plaintiff those

pages, withholding portions pursuant to Exemptions 6, 7(C), and 7(E).  Ex. 2, ICE Final Response (attached hereto).

As discussed in the Defendants' motion for summary judgment, Plaintiff's FOIA request to EOUSA seeks records related to Plaintiff's criminal investigation and grand jury proceedings in the Southern District of Alabama.  Mot. (ECF No. 49) at 4.  The ten pages of records processed by ICE comprise a single document titled "Affidavit in Support of an Application Under Rule 41 for a Warrant to Search and Seize."  Ex. 1, Hale Suppl. Decl. ¶ 3 (attached hereto).  That document was prepared by a special agent at Homeland Security Investigations.  *Id*.

ICE asserted Exemptions 6 and 7(C) to protect the names of law enforcement and court personnel.  *Id*. ¶ 4.  As EOUSA explained in its motion for summary judgment, EOUSA properly withheld the personal information of government officials involved in the investigation.  Mot. (ECF No. 49) at 16-19.  Plaintiff has not disputed that any of the information was "created as part of the government's investigation and criminal prosecution" of Plaintiff.  *Boyd v. Exec. Off. of U.S. Att'ys*, 161 F. Supp. 3d 1, 10 (D.D.C. 2015); *see generally* Pl.'s Opp'n (ECF No. 51).  Release of this information in no way advances the purpose of FOIA, which is to shed light on government activities.  Rather, release of the information risks subjecting the persons named in the document to harassment.  Hale Suppl. Decl. ¶ 4 (attached hereto).  "Indeed, such concerns are particularly acute in cases like this one in which the underlying criminal investigation concerns the sensitive topic of child pornography."  *Groenendal v. Exec. Off. for U.S. Att'ns.*, Civ. A. No. 20-1030 (DLF), 2024 WL 1299333, *9 (D.D.C. Mar. 27, 2024).  As such, the information is categorically exempt from disclosure.  *See Schrecker v. Dep't of Just.*, 349 F.3d 657, 661 (D.C. Cir. 2003); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991).  EOUSA properly withheld the personal information of government and court officials that appear in an affidavit in support of a warrant.

ICE asserted Exemption 7(E) to withhold a report of investigation discussing steps taken during the investigation of child pornography images taken from the computer forensic analysis of Plaintiff's phone. Ex. 1, Hale Suppl. Decl. ¶ 19 (attached hereto). In other words, "ICE compiled this information for purposes of its investigation into" Plaintiff. *Ball v. United States Marshals Service*, Civ. A. No. 19-1230 (JEB), 2021 WL 4860590, at *7 (D.D.C. Oct. 19, 2021). "As in *Blackwell*, the existence of 'law enforcement purpose' 'is especially convincing in this case because' [Plaintiff] 'explicitly sought records related to his own criminal prosecution.'" *Groenendal*, 2024 WL 1299333, at *11 (citing *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011)).

The specific information "pertains to submitting evidence to the National Center for Missing and Exploited Children" and concerns "techniques and procedures set in motion once evidence is submitted" to that center, and constitute "procedures and techniques used to investigate and apprehend people who create child pornography." Ex. Hale Suppl. Decl. ¶ 20 (attached hereto). Release of this information risks circumvention of the law because it would enable determined criminals to evade capture by knowing the techniques and procedures that law enforcement utilizes to investigate these types of crimes. *Id*.

**V.    EOUSA's Search Was Reasonable**

Plaintiff asserts that EOUSA should have searched for records at the U.S. Attorney's Office for the Northern District of Florida because EOUSA "produced a communication to a Northern District of Florida prosecutor or other individual with the identifier 'USAFLN.'" Opp'n (ECF No. 51) at 18. It is "the rare case indeed in which an agency record contains a lead so apparent that it cannot in good faith fail to pursue it." *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 389 (D.C. Cir. 1996) (cleaned up). "[T]he standard of adequacy for a search is one of reasonableness and not whether any further documents might conceivably exist." *Taylor Energy Co. LLC v. Dep't of Interior*, 271 F. Supp. 3d 73, 88 (D.D.C. 2017) (internal quotations and emphasis omitted). "[I]t

is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see also Aguiar v. DEA*, 865 F.3d 730, 733 (D.C. Cir. 2017); *Bader Family Found. v. Dep't of Ed.*, 630 F. Supp. 3d 36, 42-44 (D.D.C. 2022); *Coleman on behalf of Wright v. Dep't of Navy*, Civ. A. No. 19-3191 (ABJ), 2020 WL 5545543, at *6 (D.D.C. Sep. 16, 2020). An agency has no obligation to conduct follow-on searches, unless the records "contain a lead so apparent that the Agency could not in good faith fail to pursue it." *Kowalczyk*, 73 F.3d at 389 (cleaned up). Here, nine pages located in the initial search reference the U.S. Attorney's Office for the Northern District of Florida. Ex. 1, Hale Suppl. Decl. ¶¶ 7 (attached hereto). The nine pages consist of two emails, one of which includes a docket entry notice. *Id.* ¶ 8. The email correspondence consists of counsels' discussion regarding the outcome of a judicial order. *Id.* Nothing in the communication indicated that records responsive to Plaintiff's FOIA request would be located at the U.S. Attorney's Office for the Northern District of Florida. *Id.* Considering that Plaintiff's criminal case, probation violation, and appellate case had no connection to that district, it was not reasonable to believe that a search in that district would have yielded responsive records.

Plaintiff also asserts that EOUSA should have searched text messages because of "numerous examples" in the records produced by EOUSA "where EOUSA agents were using i[P]hones to communicate[.]" Opp'n (ECF No. 51) at 19. There is no indication in the records that text messages were used for official business. Ex. 1, Hale Suppl. Decl. ¶ 9 (attached hereto). Some emails include a signature "sent from my iPhone." *Id.* That signature indicates that the sender used an official work phone to send the email. *Id.* In short, nothing in the records indicates that records responsive to Plaintiff's FOIA request would be located in text messages.

- 6 -

Plaintiff finally asserts that EOUSA failed to search its own records because the records of former U.S. attorneys "are possessed by EOUSA itself." Opp'n (ECF No. 51) at 19. But nothing in the records indicates that the former United States Attorney for the Southern District of Alabama was involved in Plaintiff's criminal prosecution or that such attorney would have responsive records. Ex. 1, Hale Suppl. Decl. ¶ 10 (attached hereto).

In short, EOUSA conducted a reasonable search and is entitled to summary judgment.

## VI.   EOUSA's Withholdings Were Proper.

### A.   EOUSA Provides A Revised *Vaughn* Index.

Plaintiff argues that EOUSA's *Vaughn* index does not include withholdings for documents withheld in the November 2023 release. Opp'n (ECF No. 51) at 19. That was an oversight and EOUSA provides the attached Revised *Vaughn* Index to address that inadvertent omission. Ex. A to Ex. 1, Revised *Vaughn* Index (attached hereto).

### B.   EOUSA Properly Withheld Court-Sealed Materials.

Plaintiff argues that grand jury material should be released because the identity of a witness has been disclosed when the witness testified in open court. Opp'n (ECF No. 51) at 20. "Even if [Plaintiff] already knows the identities of trial witnesses, the [EOUSA's] decision to withhold their names and other identifying information under Exemption 7(C) is justified because a witness does not waive his or her interest in personal privacy by testifying at a public trial." *Kowal v. Dep't of Just.*, Civ. A. No. 18-0938 (TJK), 2021 WL 3363445, at *5 (D.D.C. Aug. 3, 2021) (cleaned up); *see also Melville v. Dep't of Just.*, Civ. A. No. 05-0645, 2006 WL 2927575, at *9 (D.D.C. Oct. 12, 2006) (emphasizing that privacy interest of law enforcement personnel or other third parties mentioned in responsive records is not diminished by fact they may have testified at trial).

### C. EOUSA Properly Withheld Grand Jury Materials.

Plaintiff argues that information currently under court seal should be released. Opp'n (ECF No. 51) at 21-22. He asserts that EOUSA's preferred evidence regarding the effect of the sealing order is "no competent evidence." *Id*. at 22. Contrary to Plaintiff's suggestion that only "authoritative" evidence would suffice to show that the sealing order prohibits release of the sealed information, EOUSA can meet its burned by reference to "(1) the sealing order itself; (2) extrinsic evidence, such as transcripts and papers filed with the sealing court, casting light on the factors that motivated the court to impose the seal; (3) sealing orders of the same court in similar cases that explain the purpose for the imposition of the seals; or (4) the court's general rules or procedures governing the imposition of seals." *Morgan v. Dep't of Just.*, 923 F.2d 195, 198 (D.C. Cir. 1991). Importantly, that list is not exhaustive. *Id*. (using "*inter alia*" to qualify the list). Here, EOUSA referred to "the sealing order itself," the fact that the document remains unavailable on the public record, the sealing court's local standing order permitting release of sealed information in narrow circumstances not applicable here, and a phone conversation with an official at that court confirming that the record remains sealed. Mot. (ECF No. 49) 14-15. In short, EOUSA has met its burden. If, however, the Court concludes EOUSA must "seek a clarification from the court that issued the seal," this Court should "reasonably exercise its discretion by staying its hand . . . to allow a reasonable period of time" for the EOUSA to seek such clarification. *Id*. To be clear, EOUSA's position is that no such clarification is needed in light of the significant evidence EOUSA proffered in the motion for summary judgment and accompanying evidence.

### D. EOUSA Properly Withheld Materials Pursuant to Exemption 5.

Plaintiff argues that EOUSA improperly withheld information pursuant to Exemption 5, invoking a "crime-fraud exception." Opp'n (ECF No. 51) at 22, 26. As the Defendants' motion explained, EOUSA withheld pursuant to Exemption 5 records that reflect hearing preparation and

strategy, legal interpretations, and personal evaluations and opinions by Assistant United States Attorneys pertinent to the investigation and prosecution of the Plaintiff's criminal case. Mot. (ECF No. 49) at 15-16. "Under the government-misconduct exception to the deliberative-process privilege, 'where there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied, on the grounds that shielding internal government deliberations in this context does not serve the public's interest in honest, effective government.'" *Nat'l Whistleblower Ctr. v. HHS*, 903 F. Supp. 2d 59, 66 (D.D.C. 2012) (quoting *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997)) (Boasberg, C.J.). "It is an open question whether the deliberative process privilege is subject to a government misconduct exception in the FOIA context." *Nova Oculus Partners,* 486 F. Supp. 3d at 292 (Friedrich, J.). Even if it is, it "has only been applied to the deliberative-process privilege covered by Exemption 5." *Thompson v. Dep't of Justice*, 146 F. Supp. 3d 72, 87 (D.D.C. 2015) (Boasberg, C.J.); *House v. Dep't of Just.*, 197 F. Supp. 3d 192, 208 (D.D.C. 2016) (Moss, J.) (same). Even if applicable here, "it is construed very narrowly and only in cases of extreme government wrongdoing." *Thompson*, 146 F. Supp. 3d at 87.

Here, Plaintiff points to his various allegations of official misconduct during the processing of his criminal case. Opp'n (ECF No. 51) at 2-12. "Assuming the government misconduct exception does apply in the FOIA context, the exception does not apply in this case" because Plaintiff has "offered no 'reason to believe the documents sought may shed light on government misconduct.'" *Nova Oculus Partners*, 486 F. Supp. 3d at 293; *see also Thompson*, 146 F. Supp. 3d at 87 (same). Plaintiffs' challenge on government misconduct rests on a similar basis to his challenge of EOUSA's redactions pursuant to Exemption 7(C), Opp'n (ECF No. 51) at 33, and that challenge fails for those same reasons.

Plaintiff finally argues that EOUSA failed to segregate factual matters. Opp'n (ECF No. 51) at 24, 26. EOUSA "has no duty to segregate factual material under the work-product privilege." *House*, 197 F. Supp. 3d at 208. In short, EOUSA properly invoked Exemption 5.

### E. EOUSA Properly Withheld Materials Pursuant to Exemptions 6 and 7(C)

Plaintiff argues that certain records were impermissibly withheld in full pursuant to Exemption 6 and 7(C). Opp'n (ECF No. 51) at 34. Initially, EOUSA withheld in full twelve documents totally sixteen pages solely using these exemptions. Ex. 1, Hale Suppl. Decl. ¶ 21. Upon further review, EOUSA determined that it could release in part eight documents totaling eleven pages. *Id*. ¶ 21. To the extent EOUSA withheld in full records pursuant to Exemptions 6 and 7(C), these documents related to a named but unknown third party and their activities, a witness subpoena, and the witness's purported search for representation. *Id*. ¶ 22. EOUSA's segregability analysis determined that once the personal identifying information was withheld, the remaining information would be shite space or trivial and de minimis information (such as date and times) that if released would not reveal any information of substance. *Id*.

### F. EOUSA Properly Withheld Materials Pursuant to Exemption 7(E).

Plaintiff finally argues that EOUSA impermissibly withheld non-public, law enforcement techniques used to surveil social media. Opp'n (ECF No. 51) at 29-30. He complains that EOUSA has not "even identified the actual 'technique' that was purportedly used." *Id*. Contrary to Plaintiff's assertions, "Exemption 7(E) sets a relatively low bar for the agency to justify withholding." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). And the focus is on the expected risk of circumvention of the law. *Id*. The EOUSA has sufficiently articulated how disclosure of the non-public techniques could reasonably be used by determined criminal to circumvent the law. Mot. (ECF No. 49) at 20-21. The EOUSA provides additional details about the documents withheld pursuant to Exemption 7(E). Ex. 1, Hale Suppl. Decl. ¶¶ 14-18 (attached hereto).

EOUSA asserted Exemption 7(E) to withhold information in four instances. *Id.* ¶ 14. As an initial matter, Plaintiff does not appear to challenge EOUSA's use of Exemption 7(E) to withhold prisoner transportation information, so those redactions are no longer in dispute. *See*, *e.g.*, *Nova Oculus Partners, LLC, v. SEC*, 486 F. Supp. 3d 280, 288-93 (D.D.C. 2020) (limiting judicial review to those aspects of a FOIA response that the parties actually dispute). Further, EOUSA is lifting one Exemption 7(E) redaction. Ex. 1, Hale Suppl. Decl. ¶ 15 (attached hereto). Thus, the only remaining redaction in dispute is to a portion of an email with a subject "Looking for Some Answers About Accessing a Cell Phone Before 11/16[/2020]" between an Assistant United States Attorney involved in Plaintiff's criminal case and the commander of the City of Mobile's Cyber Division for the Gulf Coast Technology Center. *Id.* ¶ 17. The Assistant United States Attorney was preparing a brief in the wake of an Eleventh Circuit decision holding that the district court needed to hold a new hearing on whether there were techniques the probation office could have used to access Plaintiff's cell phone without the use of a personal identification number ("PIN"). *Id.* The redacted information concerns ways to access a cell phone. *Id.* ¶ 18. While law enforcement's ability to access a phone without a PIN may be public, how law enforcement chooses to do so and which technique among many it elects to employ in a particular circumstance is not public. *Id.* Release of that information into the public risks circumvention of the law. *Id.* "The withholdings under Exemption 7(E) are thus justified." *Ball*, 2021 WL 4860590, *7.

Plaintiff argues that EOUSA "lacks standing to claim Exemption 7(E)" because he was surveilled "by a judicial branch employee, not a law enforcement agent." Opp'n (ECF No. 32-33). This again is a collateral attack on Plaintiff's criminal proceedings. At issue in this FOIA case is not whether the use of the specific technique was proper; that was a matter for the district court in Plaintiff's criminal case to determine. At issue in this case is whether EOUSA properly

responded to Plaintiff's FOIA.  One permissible exemption to releasing responsive records is Exemption 7(E) and EOUSA properly invoked that exemption.  5 U.S.C. § 552(b)(7)(E).

Plaintiff also argues that the EOUSA should be estopped from asserting Exemption 7(E) to protect non-public techniques because the government already publicized that information during Plaintiff's criminal proceedings.  Opp'n (ECF No. 51) at 33-34.  He points to representations by federal prosecutors that the government used open-source review of publicly available information.  *Id*.  However, nothing in those statements reveals "the methods that [law enforcement] uses to search the database and what results it considers meaningful from [the open source search" and revealing such information "can reveal law enforcement techniques and procedures."  *Shapiro v. Dep't of Just.*, 893 F. 3d 796, 800 (D.C. Cir. 2018).  Withholding information pursuant to Exemption 7(E) "on the basis that releasing them would provide information on how a database is 'searched, organized and reported'" is entirely appropriate.  *Id*. (quoting *Blackwell*, 646 F.3d at 42).

\* \* \*

## CONCLUSION

For these reasons and the reasons articulated in Defendants' motion for summary judgment, the Court should grant the Defendants' motion and deny Plaintiff's cross-motion for summary judgment.

Dated: May 8, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     /s/ *Dimitar P. Georgiev*
    DIMITAR P. GEORGIEV, D.C. Bar #1735756
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 815-8654

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENZIL E. MCKATHAN,<br><br>   Plaintiff,<br><br> v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>   Defendants. | Civil Action No. 22-1865 (DLF) |

### **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion for summary judgment, Plaintiff's opposition and cross-motion for summary judgment, Defendants' combined opposition and reply, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that Plaintiffs' motion is DENIED, and it is further

ORDERED that summary judgment is ENTERED for Defendants.

SO ORDERED:

_____             _____
Date                     DABNEY L. FRIEDRICH
                        United States District Judge

## CERTIFICATE OF SERVICE

I certify that on this 8th day of May 2025, I caused the foregoing filing and accompanying exhibits to be served on Plaintiff via First Class Mail, postage pre-paid, at the following address:

DENZIL E. MCKATHAN
FED. REG. NO. 09015-003
FCI YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
YAZOO CITY, MS  39194

/s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV
Assistant United States Attorney