UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENZIL E. MCKATHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　Defendants. | Civil Action No. 22-1865 (DLF) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully provide this notice to alert the Court that following completion of briefing on summary judgment in this case, the D.C. Circuit held that the government misconduct exception cannot defeat FOIA Exemption 5. *Rudometkin v. United States*, No. 23-5180, 2025 WL 1634729, at *6 (D.C. Cir. June 10, 2025).[1]

In this case, Defendant Executive Office of U.S. Attorneys ("EOUSA") withheld pursuant to FOIA Exemption 5 privileged documents created during Plaintiff's criminal prosecution. *See* Defs.' Mot. (ECF No. 49) at 15-16. Plaintiff challenged the withholdings arguing that the crime-fraud and government misconduct exceptions overcome EOUSA's Exemption 5 withholdings. *See* Pl.'s Opp'n (ECF No. 51) at 23-24, 26. EOUSA countered that no such exceptions applied to Exemption 5, but noted that in the absence of clear guidance from the D.C. Circuit, the question remained open. Defs.' Reply (ECF No. 55) at 8-10. The D.C. Circuit has now squarely "rejected . . . that allegations of government misconduct can overcome Exemption 5's deliberative-process

---

[1] For Plaintiff's convenience and as a courtesy, the Government will include a copy of this opinion when it serves Plaintiff with this Notice.

privilege." *Rudometkin*, 2025 WL 1634729, at *6. The D.C. Circuit explained that the privilege's susceptibility to a showing of need is not an issue in FOIA cases. *Id.* at *6. Therefore, *Rudometkin* forecloses Plaintiff's argument based on the government misconduct exception.

The Circuit's reasoning also extends to the crime-fraud exception. Any distinction between crime-fraud exception for attorney-client privilege and the government misconduct exception for the deliberative process privilege is academic. The same analysis applies to both because they have essentially the same elements. *See Judge Rotenberg Educ. Ctr., Inc. v. FDA*, Civ. A. No. 17-2092 (BAH), 2025 WL 604977, at *11–12 (D.D.C. Feb. 25, 2025). *Rudometkin*, therefore, forecloses Plaintiff's crime-fraud and government misconduct challenges to EOUSA's Exemption 5 withholdings.

Dated: June 24, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:  /s/ *Dimitar P. Georgiev*
DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 815-8654

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on this 24th day of June 2025, I caused the foregoing filing and accompanying exhibits to be served on Plaintiff via First Class Mail, postage pre-paid, at the following address:

DENZIL E. MCKATHAN
FED. REG. NO. 09015-003
FCI YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
YAZOO CITY, MS 39194

                                                /s/ *Dimitar P. Georgiev*
                                                DIMITAR P. GEORGIEV
                                                Assistant United States Attorney